**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**RAY T. PRICE**                                                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:10cv275KS-MTP**

**TRUSTMARK NATIONAL BANK,  A WHOLLY-OWNED
SUBSIDIARY OF TRUSTMARK CORPORATION, A MISSISSIPPI
CORPORATION; GERALD M. WARREN, FEDERAL NATIONAL
MORTGAGE ASSOCIATION; BY AND THROUGH THE FEDERAL
HOUSING FINANCE AGENCY AND JOHN DOES ONE THROUGH
ONE THOUSAND**                                                                           **DEFENDANTS**

**ORDER OF DISMISSAL**

This matter comes before the court on a Motion to Dismiss **[#21]** and on a

Supplemental Motion to Dismiss **[#23]** filed on behalf of the defendant, Trustmark

National Bank ("Trustmark") for failure of the plaintiff, Ray T. Price ("Price"),  to comply

with Orders of this court and for failure to prosecute.  The court, having reviewed the

motions, the pleadings and exhibits on file, being advised that the plaintiff has failed to

respond to the motions and being further fully advised in the premises finds that the

motions are well taken and should be granted.  The court specifically finds as follows:

This matter was initiated in the Chancery Court of Perry County, Mississippi by

Price's filing of his Complaint on October 25, 2010.  In that Complaint, Price alleged a

wrongful foreclosure on his home in Perry County.  He is seeking a rescission of the

foreclosure sale, compensatory damages and punitive damages.  On November 23,

2010, the defendants removed the action to this court.

A Case Management Conference was conducted in this matter on March 8, 2011.

All parties participated including counsel for the defendants and Price on behalf of himself.  Price is a licensed attorney who regularly practices in this court.  A scheduling order setting forth dates for discovery, amendments to pleadings and other relevant deadlines was entered as a result of the scheduling conference.

April 28, 2011, Trustmark propounded its First Set of Interrogatories and First Set of Requests for Production of Documents to Price.  Price failed to respond to Trustmark's discovery requests within thirty days after being served as required by Federal Rules of Civil Procedure 33 and 34.  Counsel for Trustmark made numerous good faith attempts to contact Plrice to obtain the discovery, but Price did not respond to any communications.

On June 13, 2011, Trustmark filed a Motion to Compel based on Price's failure to respond to discovery, the running of scheduling deadlines and Trustmark's inability to defend the case.  On that same day, this court entered an Order directing Price to file a response to Trustmark's Motion by 5:00 p.m. on Monday, June 20, 2011.  Price failed to comply with the court's Order, has submitted no response to the Motion, has still not responded to the discovery and has offered no other communications relating to the case or the court's Order.

June 22, 2011, Trustmark filed a Motion to Dismiss and for Sanctions for Failure to Prosecute and Failure to Comply with Court Order and Rules.  On June 23, this court entered an Order granting Trustmark's motion to compel discovery and instructing Pricee to respond to Trustmark's discovery and produce the responsive documents on or before June 28, 2011.  The court further ordered that Price's failure to respond to the discovery and comply with the court's order would result in sanctions.

-2-

On June 23, 2011, the court entered an order setting the response deadline to Trustmark's motion as July 6, 2011.  To date, Price has filed no response nor communicated in any way with the court.  Price has still failed to respond to the discovery as ordered by the court and continues to disregard the rules of this court.  He has ignored and defied multiple orders of this court.

This cases has been filed for nearly nine months.  There have been numerous orders regarding scheduling and  discovery.  In order to conclude this case in a timely manner, it is imperative for the parties to meet the deadlines set out in this court's scheduling and case management orders.  Failure to comply with those orders materially and substantially prejudices the timely conclusion of this case and the rights of the parties.  The court would note that not only has Price not complied with any of the discovery deadlines by not furnishing one iota of the information required, he has not responded to this motion to dismiss nor any of the other orders of the court.

Trustmark has moved for dismissal citing Rules Rule 37 and Rule 41(b), Federal Rules of Civil Procedure, the court is well within its discretion to grant such a request.  In addition Rule 16(f) addresses this type of situation.  Rule 16(f) provides:

**(f) Sanctions**.

(**1**) **In General**. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

**(A)** fails to appear at a scheduling or other pretrial conference;

**(B)** is substantially unprepared to participate--or does not participate in good faith--in the conference; or

**(C)** fails to obey a scheduling or other pretrial order.

Rule 37(b)(2) provides:

**(2) Sanctions in the District Where the Action Is Pending**.

> **(A)** For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> **(iii)** striking pleadings in whole or in part;
>>
>> **(iv)** staying further proceedings until the order is obeyed;
>>
>> **(v)** dismissing the action or proceeding in whole or in part;
>>
>> **(vi)** rendering a default judgment against the disobedient party; or
>>
>> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 41(b) provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

"Rule 37 empowers the district court to compel compliance with Federal discovery

procedures through a broad choice of remedies and penalties, including dismissal with

prejudice." *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977). "It is clear that Fed.R.Civ.P. 37(b)(2)[] empowers the District Court to dismiss a complaint when a party refuses to obey a valid discovery order." *Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94, 96 (5th Cir. 1979). However, "Dismissal with prejudice, a 'sanction of last resort,' will not be upheld if the noncompliance is, even if repetitive, is due to inability rather than to willfulness, bad faith, or disregard of the party's responsibilities." *Id.* at 96, (and cases cited therein).

As the Fifth Circuit has repeatedly stated regarding the ignoring of discovery deadlines, ". . . such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it.. . . Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).

Fed. R. Civ. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." The court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to comply with a court order." *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (citing *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)). *See also Lopez v. Aransas County Independent Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

In *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982) the Fifth Circuit surveyed the principles controlling Rule 41(b) dismissals with prejudice and stated, "A clear record of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal." *Id.* at 322. *Rogers* also listed three "aggravating elements" that usually accompany the two

primary reasons for which the Rule 41(b) power is invoked.  These three elements are "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct."  *Id.* at 320.  The Fifth Circuit has stated that "[d]elay alone can infuse an adverse element into the proper flow of litigation: evidence deteriorates or disappears, memories fade, and witnesses die or move away."  *Veazey v. Young's Yacht Sale & Service, Inc.*, 644 F.2d 475, 477-78 (5th Cir. 1981).  "If the delay is unjustified, the court can and must act to redress the balance."  *Id.*

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, 370 U.S. at 630.

There have been numerous orders regarding scheduling and discovery in this litigation.  Price, an attorney and representing himself, has failed to produce one iota of proof to support his claim against Trustmark and has continuously ignored the orders of this court.  The court therefore finds that the failure of Price to comply with the Case Management Order entered in this matter and his failure to comply with all of the other orders of this court and his failure to respond to the Motion to Dismiss, amounts to a willful and contumacious disregard of his responsibility to prosecute this litigation.  After a careful consideration of the entire panoply of sanctions available, including all of those enumerated under Rule 16(f), Rule 37 and Rule 41(b), the court has reached the conclusion that the appropriate remedy is dismissal without prejudice.

IT IS ORDERED AND ADJUDGED that the Motion to Dismiss **[#21]** and the Supplemental Motion to Dismiss **[#23]** filed on behalf of the defendant, Trustmark National Bank are granted and the Complaint filed on behalf of the plaintiff, Ray T. Price, is dismissed without prejudice.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 26th day of July, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE